## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| TATYANA PERRONE,<br><br>                              Plaintiff,<br><br>         v.<br><br>BIBI METABOLIC AND BARIATRIC<br>SERVICES, LLC d/b/a WEIGHT LOSS AND<br>WELLNESS CENTER, SANIEA MAJID**,** ALI<br>AHMAD**,** JOHN DOES 1 through 10, and ABC<br>CO. 1 through 10**.**<br><br>                              Defendants. | Civil Action No.<br><br><br>**COMPLAINT**<br><br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, by and through her undersigned counsel, The Law Offices of Thomas H. Andrykovitz, P.C. and Law Offices of Joshua F. McMahon, LLC, respectfully allege as follows:

### JURISDICTION AND VENUE

1.      This Court has federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA").  This Court has supplemental jurisdiction over the New Jersey state law claims under the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a, *et seq*. ("NJWHL"), as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2.      Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

**THE PARTIES**

3.      All Defendants are hereinafter collectively referred to as "Defendants."

4.      At all relevant times to this action, Defendants were employers within the meaning of the FLSA and NJWHL.

<u>The Corporate Defendants</u>

5.      Defendant BIBI METABOLIC AND BARIATRIC SERVICES LLC ("Bibi LLC") is a New Jersey limited liability corporation that operates a medical office called Weight Loss and Wellness Center, with locations at 6 Brighton Road, Suite 106, Clifton, New Jersey; 183 US-206, Roxbury, New Jersey; 65 East Northfield Road, Unit K, Livingston, New Jersey; 2005 St. George Avenue, Rahway, New Jersey; and 5 Molino Drive, Chatham, New Jersey.

6.      Upon information and belief, Bibi LLC at all relevant times is a business engaged in interstate commerce and has gross sales in excess of $500,000 per year.

7.      Upon information and belief, Defendant Bibi LLC purchased, and handled goods moved in interstate commerce.

8.      Defendants ABC Co. 1 through 10 are fictitious entities, the identities of which are unknown at present, but that are liable to Plaintiff by reason of their knowing and joint participation in the conduct that damaged Plaintiff, the FLSA Collective Plaintiffs, and the Class, pursuant to the doctrine of *respondeat superior*, or that are otherwise responsible to Plaintiff for the wrongful conduct referred to herein.

9.      At all relevant times, Defendant Bibi LLC and Defendants ABC Co. 1 through 10 (collectively the "Corporate Defendants") were, and continue to be, each an enterprise engaged in commerce within the meaning of the FLSA.

2

Owner/Operator Defendants

10.     Defendant SANIEA MAJID ("Majid") is an owner, and the registered agent, of Defendant Bibi LLC.

11.     Upon information and belief, Defendant Majid is a resident of the State of New Jersey.

12.     Defendant Majid is actively involved in managing Defendant Bibi LLC and the medical office it operates.

13.     Defendant Majid has authority over the Corporate Defendants' employees' rates of pay, schedules, hiring and firing, and maintenance of employment records.

14.      Defendant Majid exercises sufficient control over the Corporate Defendants' day-to-day operations to be considered an employer of Plaintiff under the FLSA, the New Jersey Wage and Hour Law, and the regulations thereunder.

15.     Defendant ALI AHMAD is an owner of Defendant Bibi LLC.

16.     Upon information and belief, Defendant Ahmad is a resident of the State of New Jersey.

17.     Defendant Ahmad is actively involved in managing Defendant Bibi LLC and the medical office it operates.

18.     Defendant Ahmad has authority over the Corporate Defendants' employees' rates of pay, schedules, hiring and firing, and maintenance of employment records.

19.     Defendant Ahmad exercises sufficient control over the Corporate Defendants' day-to-day operations to be considered an employer of Plaintiff under the FLSA, the New Jersey Wage and Hour Law, and the regulations thereunder.

20.     Defendants John Does 1 through 10 are fictitiously named defendants, the identities of which are unknown at present, but who are liable to Plaintiff by reason of their knowing and joint participation in the conduct that damaged Plaintiff, and who aided and abetted, ratified, authorized, acquiesced in, approved or condoned the misconduct complained of in this complaint, and specifically, includes all individuals who participated in the illegal conduct referred to herein and/or who engaged in intentional and/or reckless extreme and outrageous conduct, which caused Plaintiff harm.

21.     Defendant Majid, Defendant Ahmed, and Defendants John Does 1 through 10 (collectively "individual Defendants") are jointly and severally liable with the Corporate Defendants.

<u>Plaintiff</u>

22.     Plaintiff Tatyana Perrone ("Plaintiff") is an adult resident of the State of New Jersey.

23.     Plaintiff was employed by Defendants from June of 2019 through March of 2020.

**FACTS**

24.     Defendants committed the following acts knowingly, intentionally, and willfully.

25.     Defendants knew that the nonpayment of overtime pay would financially injure Plaintiff and violate state and federal law.

26.     From June of 2019 through March of 2020, Plaintiff was employed as a "Practice Manager" in Defendants' medical office located at Chatham, New Jersey.

27.     Defendants paid Plaintiff a weekly salary instead of an hourly wage.

28.     Throughout her employment, Plaintiff was not exempt from overtime under state and federal law.

29.     Plaintiff did not have authority to sign checks.

30.     Plaintiff did not have authority to create work schedules for herself, or the rest of Defendants' employees.

31.     Plaintiff did not have authority to hire or fire on Defendants' behalf.

32.     Plaintiff's job duties included answering phones, working as a receptionist, scheduling patients, medical billing, and marketing.

33.      Defendants did not permit Plaintiff to exercise her own discretion and independent judgement because Defendant Majid micromanaged the office.  For example, Defendant Majid controlled the hiring process as well as the scheduling for all employees.

34.     Defendant Ahmed usually worked with Defendant Majid in the office during the evening.

35.     Defendant Ahmed posted jobs for the office on Indeed.com.

36.     Defendant Ahmed interviewed prospective employees over the telephone.

37.     Defendant Ahmed purchased equipment on behalf of the office.

38.     Plaintiff usually worked five (5) days per week.

39.     Plaintiff usually worked between fifty (50) and sixty (60) hours per week.

40.     Defendants required Plaintiff to begin her workday at 8:30 a.m. and required Plaintiff to continue working until Defendant Majid finished her workday, which was usually around 8:00 p.m., Monday through Friday.

41.     Plaintiff occasionally worked on weekends, per Defendant Majid's orders, to attend Defendants' marketing events as well as work on office billing.

42.     Plaintiff was not provided time for lunch. Instead, Plaintiff ate lunch at her desk while she worked. This was true for all employees. No employees were ever provided a break.

43.     Plaintiff was allowed two (2) weeks for vacation, paid time off, and sick days.

44.     Throughout her employment, Plaintiff was paid for forty (40) hours of work each week, regardless of the number of hours she worked.

45.     Defendants did not pay Plaintiff for all the hours that she worked.

46.     Plaintiff's paystubs do not list the number of hours that Plaintiff worked.

47.     Defendants never paid Plaintiff for her overtime, which should have been calculated at one and one-half (1.5) times Plaintiff's regularly hourly wage.

48.     Upon information and belief, Defendants failed to keep full and accurate records of Plaintiff's hours and wages.

49.     Plaintiff was sick and unable to work in the office from March 16 through March 20, 2020.

50.     Plaintiff worked from home from March 23 through March 27, 2020.

51.     On March 20, 2020, Defendant Ahmed directed Plaintiff to a location that offered a 6-hour COVID-19 test, told Plaintiff that she just had a cold or flu, and issued Plaintiff a prescription for Augmentin without examining her.

52.     On March 31, 2020, Plaintiff provided Defendant Majid with her COVID-19 test results and Defendant Majid advised Plaintiff to file for unemployment and only work one (1) day the following week.

53.     On or about April 3, 2020, Defendant Majid revoked Plaintiff's office laptop in retaliation for a call from the Health Department, whereupon Defendant Majid essentially accused Plaintiff of reporting her office to the Health Department. Instead, another employee advised Defendant Majid that she (not Plaintiff) had called the Health Department. Nevertheless,

Defendant Majid advised Plaintiff to now apply for full unemployment and revoked her ability to work even one (1) day per week.

## COUNT 1
### (FLSA Overtime Violations, 29 U.S.C. §§ 201, *et seq.*)

54.     Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

55.     The FLSA provides that no employer engaged in commerce shall employ a covered employee for a workweek longer than forty (40) hours unless such employee received compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater.

56.     Throughout the statute of limitations period covered by these claims, Plaintiff occasionally worked more than forty (40) hours per workweek.

57.     At all relevant times, Defendants had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay Plaintiff at one and one-half times her hourly wage for work in excess of forty (40) hours per workweek and willfully failing to keep records required by the FLSA and relevant regulations even though Plaintiff was entitled to overtime.

58.     Defendants' unlawful conduct was willful within the meaning of the FLSA, 29 U.S.C. § 255(a), therefore a three-year statute of limitations applies.

59.     Plaintiff seeks damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## COUNT 2
### (New Jersey Overtime Violations, N.J.S.A. 34:11-56 *et seq.*)

60.     Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

61.     It is a violation of New Jersey law for an employer to suffer or permit a non-exempt employee to work without paying overtime wages for all hours worked in excess of forty (40) hours in any workweek.

62.     Defendants willfully, regularly and repeatedly failed to pay Plaintiff  the required overtime rate of one-and-one-half times her hourly rate for hours worked in excess of forty (40) hours per workweek.

63.     Defendants withheld and diverted wages owed to Plaintiff for work performed in excess of forty (40) hours per week.

64.     As a result of Defendants' willful unlawful conduct, Plaintiff is entitled to damages in an amount to be determined at trial, liquidated (treble) damages, attorneys' fees, costs, pre-judgment interest, post-judgment interest, all other damages available under New Jersey law, and such other legal and equitable relief as this Court deems just and proper.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of herself and those similarly situated, respectfully request the following relief:

A.     An award of damages, according to proof, inclusive of lost wages, overtime, back pay, liquidated damages under the FLSA, and treble damages under the NJWHL, to be paid by Defendants;

B.     Penalties available under applicable laws, inclusive of civil penalties under New Jersey Law;

C.      Costs of action incurred herein, including expert fees;

D.      Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, New Jersey law, and other applicable statutes;

E.      Pre-judgment and post-judgment interest, as provided by law;

F.      Such other and further legal and equitable relief as this Court deems necessary just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to which they have a right to jury trial.

Dated: New York, NY
August 17, 2020

Respectfully submitted,

THE LAW OFFICES OF
THOMAS H. ANDRYKOVITZ, P.C.

/s/ Thomas Andrykovitz
By: _____
Thomas H. Andrykovitz, Esq.
260 Madison Avenue, 15th Floor
New York, NY  10017
T: 212-983-8999
*Attorney for Plaintiff*

THE LAW OFFICES OF
JOSHUA F. McMAHON, LLC

/s/ Joshua McMahon
By: _____
Joshua F. McMahon, Esq.
123 South Avenue East
Westfield, New Jersey 07090
T: 908-233-4840
*Attorney for Plaintiff*